Mr. Justice Clayton
delivered the opinion of the court.
This was a petition filed in the probate court of Wilkinson county, in September, 1841, by the children of David P. Coon, deceased, against Jones, the administrator of their father’s estate, and who had also intermarried with their mother. It states that, at the August term, 1841, of that court, the defendant had made a final settlement of his account as administrator, which had been allowed and ordered to be recorded. The petitioners were then, and some of them at the time of filing the petition, infants, and without guardians at the time of the settlement. It charges several omissions in the inventory of the administrator, that various items in the account are fraudulent, and proceeds to surcharge and falsify it in several particulars. One large item objected to is the sum of $3200 for the support and maintenance of the petitioners by the administrator, although he was not their guardian. The answer admits the omission of several important articles in the inventory, but says it occurred by mistake, and not by fraud; but it contains no offer to repair the mistake. The account as settled, shows a balance in favor of the administrator of $2540. At the June term, 1842, of the court, the account as settled at the August term, 1841, was directed to be annulled and set aside, and auditors were appointed to restate it. This they proceeded to do, and at the August term thereafter, reported a balance in favor of the estate of $3000. This report was confirmed by the court, and a decree entered for the amount against the administrator, from which an appeal is taken to this court.
*767 It has been repeatedly determined by this court, that the judgments or decrees of the probate court, rendered upon due notice, are final and conclusive, and cannot he set aside by that court at a term subsequent to such judgment or decree. Griffith v. Vertner, 5 How. 736; Chenning v. Peck, 6 How. 524; Smith v. Hurd, 7 How. 198; Smith v. Berry, 1 S. & M. 321; Addison v. Eldridge, Ib. 510; Turnbull v. Endicott, 3 S. & M. 304; Powell v. Carbry, 4 S. & M. 86.
It has even been holden that none but a court of chancery can vacate such judgment or decree when procured by fraud. Turnbull v. Endicott, 3 S. & M. 304. The petition does not allege that proper notice of the intended settlement was not given by the administrator. So far, then, as the account which was settled at the August term, 1841, fell within the jurisdiction of the probate court, it is final and conclusive, and the subsequent order purporting to set it aside is erroneous;
But the item for board and maintenance, was not within the jurisdiction of the court, as between these parties. Green v. Green, 3 S. & M. 526; 8 Mass. R. 131; 10 Pick. 429; North’s Pro. Court, 175, note. If the relation of guardian and ward had subsisted between the parties, it might have fallen under its cognizance.
The fact that some of the petitioners were infants at the time of the settlement, cannot avail them. There is no saving of their rights by the statute, and without such saving, they are bound by the judgment and settlement equally with adults.
The decree of the court below must be reversed, and the cause remanded. If the petitioners can show that legal notice of the settlement was not in fact given, they can amend the petition so as to put that fact in issue, and thus determine whether the judgment were valid or void. If, however, the notice were given, the petition, in its present shape and extent, cannot be sustained.
The court had no jurisdiction, in the present attitude of the case, over the item or charge for board and maintenance, and the decree in that particular is void. The petitioners may therefore disregard that charge, and amend their petition so as to go *768 for an order of distribution, if anything is due them after expunging this item. But the administrator, if anything is due him from them, will not, by this opinion, be precluded from its recovery in the appropriate tribunal. All we mean to say is, that this charge was not properly included in the settlement; that it was not within the jurisdiction of the court as the matter was then presented, and is therefore still open to investigation.
Decree reversed.